Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50262 | **DATE** | 2/24/2011 |
| **CASE TITLE** | James R. Henson (#890932) vs. Officer Solarzano, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* [3], motion for appointment of counsel [4] are granted. The court authorizes and orders McHenry County Jail officials to deduct $13.00 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the McHenry County Jail. The clerk shall issue summonses for service of the complaint on the defendants. The United States Marshals Service is appointed to serve the defendants. The Court appoints Bernard Natale, 6833 Stalter Drive, Suite 201, Rockford, Illinois 61108 (815) 964-4700 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. The matter is set for an initial status before Magistrate Judge Mahoney on Wednesday, April 27, 2011 at 1:30 p.m.

*/s/ Philip G. Reinhard*

■[ For further details see text below.]

Docketing to mail notices.
Copy to Magistrate Judge Mahoney.

## STATEMENT - OPINION

   Pro se plaintiff James R. Henson, presently a prisoner at the McHenry County Jail, has brought this civil rights action pursuant to 42 U.S.C. § 1983. He alleges that on December 14, 2009, he was a detainee at the jail when he was attacked by another inmate. (Dkt. No. 1 at 7). Defendant correctional officers Solarzano and Hansen failed to take any actions to intervene and stop the attack calling the attack a "clown show." (*Id.*). The officers also failed to obtain him medical attention prolonging his pain. (*Id.*). Plaintiff further alleges that later that evening defendant officer Hermie prevented him from requesting medical attention for his injuries. (*Id.*). Plaintiff also makes two additional claims. He alleges that defendant Nurse Peppy refused to provide him a mattress that would have alleviated his pain caused by the attack, and defendant corrections chief Sedlock falsely found him guilty of a violation arising out of the December 14th incident. (*Id.* at 8). Plaintiff claims that he was trying to defend himself during the December 14th attack. (*Id.*). Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis*, (Dkt. No. 3), motion for appointment of counsel (Dkt. No. 4), and complaint for an initial review pursuant to 28 U.S.C. § 1915A.

   Plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $13.00. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be

| STATEMENT - OPINION |
|---|

forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff in the event of his transfer to any other correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the Court finds that the plaintiff has articulated a colorable federal cause of action with respect to his claims that Defendant officers Solarzano and Hansen were deliberate indifferent in both their failure to intervene during the attack and responding to plaintiff's medical needs. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (explaining that an unnecessary delay in providing treatment may result in a deliberate indifference claim); *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008) (recognizing that correctional officer who idly stood by during a prison fight and failed to intervene would be liable for deliberate indifference). He has also set forth a deliberate indifference claim against defendant officer Hermie as to the alleged failure to provide plaintiff medical care. Equally, plaintiff's claim regarding the quality of his mattress states a claim. *Townsend v. Fuchs*, 522 F.3d 765, 773-74 (7th Cir. 2008) (failure to provide proper mattress can result in a constitutional violation). Finally, plaintiff has raised a plausible claim against Defendant Sedlock to the extent that he claims that he was found guilty in retaliation for exercising otherwise protected constitutional rights. *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) ("[A] prisoner can sufficiently state a claim for relief when he alleges that prison officials issued baseless disciplinary tickets against him in retaliation for pursuit of administrative grievances."). The Americans With Disabilities Act claims against Hermie and Peppy are dismissed for failure to state a claim.[1]

The clerk shall issue summonses for service of the complaint on the defendants. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the McHenry County Jail shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Due to the serious nature of the plaintiff's allegations, the court grant's plaintiff's motion for appointment of counsel (Dkt. No. 4), and hereby appoints Bernard Natale, 6833 Stalter Drive, Suite 201, Rockford, Illinois 61108 (815) 964-4700 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37.

1. Plaintiff has filed 5 separate cases against various prison officials between May 2010 and October 2010.